IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

_____

| | |
|---|---|
| CHRIS ROSS THURSTON, | ) **MEMORANDUM DECISION &** |
| | ) **DISMISSAL ORDER** |
| Petitioner, | ) |
| | ) Case No. 1:13-CV-70 TC |
| v. | ) |
| | ) District Judge Tena Campbell |
| STATE OF HAWAII, | ) |
| | ) |
| Respondent. | ) |

_____

Petitioner's father, Rick Thurston (Mr. Thurston), stating a Utah address, petitions for habeas-corpus relief for the named petitioner, Chris Ross Thurston (named petitioner).[1]  Mr. Thurston names as Respondent the State of Hawaii, where the named petitioner is apparently in custody under a conviction and sentencing taking place in Hawaii.

As required under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court "promptly examine[s]" this petition.  "If it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[2]  Moreover, this Court must examine its jurisdiction *sua sponte* and dismiss any case in which it has no jurisdiction.[3]

---

[1] *See* 28 U.S.C.S. § 2254 (2013).

[2] R. 4, Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

[3] *See Talamantes v. Jones*, No. CIV-11-91-JHP, 2012 U.S. Dist. LEXIS 27037, at *2 (E.D. Okla. Mar. 1, 2012) (citing Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a

First, the Court notes that Mr. Thurston does not appear to have the power to act in the named petitioner's behalf.  Mr. Thurston merely designates himself "Next Best Friend," in signing and filing this petition in Utah on the named petitioner's behalf.  He does not even allege that the named petitioner requested his help or "representation," let alone granted him valid legal authority to act on the named petitioner's behalf.  This is a ground for dismissal of the petition.

Alternatively, "[d]istrict courts can grant habeas corpus relief only 'within their respective jurisdictions.'  This requires that a district court have jurisdiction over the [petitioner's] custodian,"[4] which in this case would be the State of Hawaii.  "A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced."[5]  As the named petitioner is allegedly incarcerated in Hawaii under a conviction that occurred in Hawaii, this Court lacks jurisdiction.[6]

---

federal court lacks subject-matter jurisdiction . . . may be raised by . . . a court on its own initiative, at any stage in the litigation . . . ." (internal citation omitted))).

[4]*Kelso v. Luna*, No. 08-6224, 2009 U.S. App. LEXIS 6827, at *2-5 (10th Cir. Mar. 25, 2009) (unpublished) (quoting 28 U.S.C.S. § 2244(a)).

[5]*Miller v. California*, No. 11-3094-SAC, 2011 U.S. Dist. LEXIS 62926, at *2 (D. Kan. June 14, 2011) (citing 28 U.S.C.S. § 2241(d); *Braden v. 30th Judicial Cir. Court*, 410 U.S. 484, 497 (1973)).

[6]*See Kelso*, at *2-5; *see also Talamantes*, at *2-3; *Miller*, at *2.

Also, because there is no indication that the named petitioner even authorized this misplaced petition and because Mr. Thurston "'should have realized that the forum in which he . . . filed was improper,'" it is not in the interest of justice to transfer this case to the United States District Court for the District of Hawaii.[7]

IT IS THEREFORE ORDERED that this § 2254 petition is DISMISSED.[8]  This case is CLOSED.

DATED this 24th day of May, 2013.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge

---

[7] *See Kelso,* at *3-5 (quoting *Trierweiler v. Croxton & Trench Holding Corp.,* 90 F.3d 1523, 1544 (10th Cir. 1996)); *see also* 28 U.S.C.S. § 1631 (2013) (transfer statute).

[8] (*See* Docket Entry # 3.)